IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Albert C. Burgess, Jr. ] | |
| Plaintiff ] | |
| ] | |
| vs. ] | <u>C I V I L   C O M P L A I N T</u> |
| ] | -JURY TRIAL DEMANDED- |
| John D. Elliottt and ] | |
| Scott Elliott ] | |
| <u>Defendants            </u>] | |

NOW COMES the Plaintiff, pro se, and alleges and says:

### JURISDICTION

1. That the Jurisdiction of this Court is brought under 28 U. S. C. A. §1332.

### PLAINTIFF

2. That Albert C. Burgess, Jr., is a citizen and resident of Virginia and is hereafter referred to as the Plaintiff.

### DEFENDANTS

3. That John D. Elliott and Scott Elliott are both citizens and residents of South Carolina. That John D. Elliott brags about being "law suit proof" because he puts his property and assets in the name of his brother. Therefore, both brothers are Defendants in this action and are hereafter referred to as the Defendants.

### STATEMENT OF FACTS

4. That in 2003, the Plaintiff engaged the services of Columbia

Page Two

Attorney, William Gary White in an action against Institutional Products Corporation (IPC) for contractural interference and other claims. The case wound its way through this court and one state court and White represented the Plaintiff. That during this time frame the Defendants engaged in an active campaign to garner the case from White and induced the Plaintiff to fire white and give the case to the Defendants. The Defendants promised exact detail and representation to the Plaintiff as part of the inducement.

5. That the Plaintiff finally gave in to the promises and inducements of the Defendants and ask White for the files and gave the matter over to him, in 2006.

6. That the Defendants did absolutely nothing on the case once they secured it from White. The Plaintiff would type up Discovery motions as directed by Elliott who claimed he was so stressed out and "up to his neck" with work, that the Plaintiff very willingly produced extensive discovery and answered any motions by the Defendant IPC for the Defendants and the Defendants would sometimes file them and sometimes not.

7. That the Defendants professed that "stealing" the case from Gary White was unethical and illegal but did it anyway. The Defendants stated that the lawyer occupying the same office suite with the Defendants knew the judge and jury in Fairfield County where the case was filed and promised a substantial verdict.

8. That during this time, the Plaintiff would come to Columbia from his home in Hendersonville, N. C. where he then resided, take the

Page Three

Defendants out to lunch and beg and plead with them to prosecute the case because the Defendant had stolen contract after contract, from the Plaintiff, contracts obtained exclusively by his efforts land none other, then profited while paying the Plaintiff nothing.

9. That the Plaintiff had provable damages in excess of one hundred thousand dollars and that was exclusive of punitive damages available because of contractual interference.

10. That the Defendants were completely indifferent to what the Plaintiff told them and SHOWED them with documentation. The Defendants did no work on the case, did nothing to compel the Discovery the Plaintiff had prepared, which would have provided a pathway, unfettered, to summary judgment.

11. The Plaintiff begged the Defendants to open discussions on settlement and showed the Defendants what documents and locations to focus on. They did nothing.

12. In June of 2008, the Plaintiff was incarcerated on unrelated charges. At that time, the Defendants wrote to the Plaintiff at the county jail he was incarcerated in, asking him to sign a release of the Defendants from representing him in the case in Fairfield County.

13. That the Plaintiff refused to sign anything.

14. That several years passed and the Plaintiff wrote to the Clerk of Court of Fairfield County and asked for the docket sheet.

15. That unknown to the Plaintiff, every six months or so, the Defendants, probably out of guilty, had filed some sort of motion to re-instate the case under the SCRCP and the case, originally filed was still active.

16. That the action of the Defendants caught the Plaintiff completely

Page Four

by surprise and made the Plaintiff wonder why it had been done completely without his knowledge but done each month with the consent of the attorney for IPC.

17. That the Defendants then insisted that the Plaintiff settle the claim for some trivial amount and when the Plaintiff protested and asked why the Defendants would not know prosecute the case fully, they explained that this was the absolutely "only" way because it had been so long.

18. That the Defendants have a history of meddling in other cases by other attorneys, latching on to the case by hook or crook, then settling for a quick buck in his own account.

19. That once the case was settled for the paltry sum of $1,500.00 the Defendants tried to get the Plaintiff to exclude the attorney for IPC from any liability.

20. That the actions of the Defendants are without question, according to the American Bar Association, BIZARRE.

21. That the Attorney representing IPC should be held at BAR to answer these allegations but the Plaintiff could not secure his entire name nor his address. He is in York, and his last name is Bradford. He will be the subject of a motion made at the conclusion of this pleading.

## STATEMENT OF CLAIM

22. That the allegations in paragraphs 1 thru 21 are incorporated herein.

23. That the Defendants, illegally, did interfere in the contract between the Plaintiff and William Gary White to the detriment of the Plaintiff in an amount in excess of $350,000.00.

24. That the Defendants committed legal malpractice by not fully prosecuting the case against IPC, by not conducting Discovery; by not preparing and prosecuting motions; by not using their legal training to counter whatever actions was taken by the Attorney for IPC. By engaging in nefarious and illegal conduct which certainly did not benefit the Plaintiff but did in fact benefit the Defendants. That ALL of these actions were in fact a violation of the CODE OF PROFESSIONAL CONDUCT as drawn up and promoted by the American Bar Association.

25. That the Defendants did fail to protect the rights and agreements made between the Plaintiff and the Defendants in regards to the case against IPC in clear violation of the Code of Professional Responsibility and such actions causing the Plaintiff substantial losses.

26. That the actions as described herein demonstrate a clear code of conduct by the Defendants which is forbidden by the Code of Professional Conduct and by deception alone succeeded to the detriment of the Plaintiff.

27. That the conduct between the Defendants and the attorney with the last name Bradford was illegal by law and by the Code of Professional Conduct and subjects the Defendants to disciplinary action by the South Carolina Bar Association and was detrimental to the Plaintiff and caused him financial loss.

## RELIEF DEMANDED

28. That paragraphs one thru twenty seven are incorporated herein by reference.

Page Six

29. That the actions of the Defendants as described herein cost the Plaintiff a sum in excess of $350,000.00, in actual damages. That the Plaintiff have and recover from the Defendants a sum in excess of $350,000.00 plus interest.

30. That the actions of the Defendants as described herein entitle the Plaintiff to punitive damages. That the Plaintiff have and recover from the Defendants a sum in excess of one million dollars in punitive damages.

31. That the cost of this action be taxed against the Defendants.

## MOTION TO ENJOIN ATTORNEY BRADFORD AS A DEFENDANT

32. That the Plaintiff moves this Court to enjoin Attorney Bradford from York, S. C., who the first name and address, the Plaintiff does not have access to. Bradford is as much a part of this devious behavior as the Defendants are and is in certain violation of the Code of Professional Responsibility and liable for damages to the Plaintiff in the stead of the Defendants.

33. Because the statute of limitations has almost run on this claim, the Plaintiff moves the Court to COMPEL the name and address of Attorney Bradford and then add his as a Defendant and allow him to be served with this complaint.

## CONTINUATION OF COMPLAINT-RELIEF

34. For a trial by jury.

35. For any other relief the Court deems just and proper.

Page Seven

## STATUTE OF LIMITATIONS

The date of the last representation wherein the Defendants exercised authority and representation in this case was Approximately October 21, 2013. Therefore, the statute of limitations for LEGAL MALPRACTICE has yet to run.

The same would hold true for Defendant Bradford.

Respectfully submitted this the 30th of September, 2016.

_____
Albert C. Burgess, Jr.

88539-071

POB 999

Butner, N. C.   27509

## VERIFICATION

I, Albert C. Burgesds, Jr., do declare under penalty of perjury that the statements made in this Civil Complaint are true and correct to the best of my knowledge and ability.

This the 30th of Septlember, 2016.     s./_____
Albert C. Burgess, Jr.