IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

ALBERT C. BURGESS, JR., )
No. 88539-071, ) Civil Action No.:3:16-cv-3325-RBH
 )
    Plaintiff, )
 )
v. ) **ORDER**
 )
JOHN D. ELLIOTT and SCOTT )
ELLIOTT, )
    Defendants. )
_____ )

This matter is before the Court for review of Defendants' Motion to Dismiss Plaintiff's Complaint filed on December 8, 2016. [ECF #20]. On February 24, 2017, Magistrate Judge Shiva V. Hodges issued her Report and Recommendation. [ECF #30]. These motions were referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e). The Magistrate Judge recommends that this Court grant the motion. On April 10, 2017, Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation ("R&R"). [ECF #37]. All parties have had the opportunity to extensively brief the issues raised in the motions, and this Court has thoroughly considered all pleadings filed in this case.[1] Plaintiff has also sent a letter to Judge Hodges requesting an extension of time to reply to Defendants' Motion in order to allow him time to get his own copy of the order of dismissal in an underlying lawsuit. [ECF #29].

**Factual Background and Procedural History**

On October 6, 2016, Plaintiff Albert C. Burgess, Jr. filed this action pro se in the federal

---

[1] Under Local Civil Rule 7.09 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

district court of South Carolina against Defendants John D. Elliott and Scott Elliott. Plaintiff is currently incarcerated in North Carolina, though he states he is a citizen and resident of Virginia, and it appears Defendants are South Carolina residents. The lawsuit arises from the legal representation of Plaintiff's corporation approximately ten years ago by Defendants. [ECF #1]. Plaintiff brings claims for legal malpractice and tortious interference with contract against Defendants John D. Elliott and Scott Elliott. [ECF #1]. According to the Complaint, Plaintiff alleges that, in 2003, Defendants induced him to fire his former attorney who was assisting his business in an action against Institutional Products Corporation for contractual interference and other related claims. [ECF #1]. Once he engaged Defendants for legal services, Plaintiff claims that Defendants did not perform any work on his case and eventually insisted he settle the case for $1,500.00. [ECF #1, p. 4]. Plaintiff notes in his brief that he filed suit against the Elliotts in 2013 for malpractice, but that suit was dismissed without prejudice. [ECF #27, p. 3]. In this current lawsuit, Plaintiff argues that Defendants illegally interfered in the contract with his former attorney to his detriment in an amount in excess of $350,000.00 and also alleges Defendants committed legal malpractice. [ECF #1]. Plaintiff further seeks punitive damages. [ECF #1]. Other than alleging he received funds from the settlement in October of 2013, Plaintiff does not otherwise allege any of the allegations occurred after September 18, 2013.

On December 8, 2016, Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF #20, p. 1]. Defendants argue three grounds for dismissal: (1) the claims are barred by the applicable statute of limitations; (2) Plaintiff's legal malpractice claim is not verified by a qualified expert; and (3) Plaintiff lacks standing to sue.

2

[ECF #20, p. 2]. Defendants attached the Stipulation of Dismissal filed in the underlying lawsuit, styled *KC Sports, Inc. v. Institutional Products, Inc.*, C/A No. 2007-CP-20-0300, reflecting the fact that Plaintiff executed this document on or about August 28, 2013, and it was filed in the public index on September 18, 2013. [ECF #20]. Plaintiff filed a response to the Motion to Dismiss, urging this Court to deny Defendants' Motion to Dismiss because he argues that the statute of limitations has not yet run, and that his legal malpractice claim is a substantive issue that does not require dismissal with prejudice. [ECF #27]. Plaintiff also requests this Court impose sanctions against Defendants regarding their statute of limitations argument, and he further requests a change of venue to the Middle District of North Carolina. [ECF #27, p. 3]. Plaintiff does not address Defendants' argument regarding standing, and the fact that the legal representation was on behalf of his company, as opposed to himself individually.

On February 24, 2017, Judge Shiva V. Hodges issued her Report and Recommendation ("R&R") recommending that this Court grant the Motion to Dismiss because Plaintiff's Complaint is barred by the statute of limitations and Plaintiff did not attach an expert affidavit to his Complaint, which is a prerequisite for a professional malpractice claim. [ECF #30, p. 6]. On April 10, 2017, Plaintiff filed objections to the R&R. [ECF #37]. The Court now issues the following Order.

## Standards of Review

**A. Review of the Magistrate Judge's Report & Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* In the absence of specific objections to the R&R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**B. Standard for Rule 12(b)(6) Motion to Dismiss**

Defendants have moved to dismiss the claims brought by Plaintiff against them pursuant to Rule 12(b)(6). Under the standard set forth in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298 (4th Cir. 2008), citing *Twombly*, 127 S.Ct. at 1974. The purpose of such a motion is to test the sufficiency of the facts alleged in a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that

4

a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this standard "does not require 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Rather, to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The United States Supreme Court recently stated that

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Although consideration of matters outside the pleadings generally converts a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment, there are certain circumstances in which a court may considering such documents. For example, if a document is integral to and explicitly relied upon in a complaint, and its authenticity is unchallenged, a court may consider the document. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). A court may also consider official public records when ruling on a motion to dismiss. *Witthohn v. Fed. Ins. Co.*,

164 F. App'x. 395, 397 (4th Cir. 2006). In this case, Defendants attached the underlying lawsuit's Stipulation of Dismissal to the Motion to Dismiss to support their statute of limitations argument. [ECF #20, pp. 8-16]. The Stipulation of Dismissal, a public record, does not automatically convert this motion into a summary judgment motion. Defendants also attached the Mutual Release and Settlement Agreement signed by Plaintiff to their Motion. [ECF #20, p. 8]. Plaintiff does not dispute the authenticity of this document; however, this Court did not need to rely on this document in considering the statute of limitations defense as further outlined below.

## Discussion

When this Court is considering a diversity action, it applies the substantive law of the state where the accident occurred and the procedural law of South Carolina. *Sokolowski, v. Flanzer*, 769 F.2d 975, 977 (4th Cir. 1985). A federal court sitting in diversity must follow state law in determining whether an actions is commenced for the purposes of applying the statute of limitations. *Alday v. Techphy Div. Firminy*, 10 F. Supp. 2d 562, 563 (D.S.C. June 8, 1998); *see also Thornton v. Cessna Aircraft Co.*, 886 F.2d 85, 88 (4th Cir. 1989). In South Carolina, the applicable statute of limitations for torts is three years from the date of the incident. S.C. Code Ann. § 15-3-530(5). Any civil action for negligence must be "commenced within three years after the person knew or by the exercise of reasonable diligence should have know that he had a cause of action." S.C. Code Ann. § 15-3-535. The applicable statute of limitations for civil actions of breach of contract, negligence, and tortious interference with contract is likewise three years. *See*

*Majstorich v. Gardner*, 604 S.E.2d 728, 732, 361 S.C. 513 (S.C. Ct. App. 2004).[2] This period may be subject to the doctrine of equitable tolling in limited, exceptional circumstances. In such a case, the plaintiff bears the burden of proof on the issue of equitable tolling. *Hooper v. Ebenezer Senior Servs. & Rehab Ctr.*, 687 S.E.2d 29, 32, 386 S.C. 108 (S.C. 2009).

The Magistrate Judge recommends dismissal of the lawsuit under this ground because Plaintiff would have known by the time of the filing of the Stipulation of Dismissal about any claims against Defendants arising from their representation in the former lawsuit.[3] The Stipulation of Dismissal was filed and the case was closed by September 18, 2013, more than three years prior to the filing of this lawsuit. [ECF #30, p. 6].

Furthermore, the Magistrate Judge recommends dismissal of the lawsuit because Plaintiff failed to comply with the requirements of S.C. Code Ann. § 15-36-100 and § 15-79-125, *et seq.* in filing a legal malpractice claim. [ECF #30, p. 6]. Finally, the Magistrate Judge finds that Plaintiff failed to state any allegations regarding a tortious interference with contract claim that date beyond the close of the former lawsuit, which ended September 18, 2013, more than three years prior to the filing of this lawsuit. [ECF #30, p. 6]. Likewise, the Magistrate Judge recommends dismissal as to this claim because it is time-barred, as well.

In his objections, Plaintiff first points out that the Stipulation of Dismissal was signed August 28, 2013, not August 29, 2013 as referenced in some of the former pleadings. This Court

---

[2] The discovery rule also applies to cases involving professional negligence. *See Majstorich v. Gardner*, 604 S.E.2d 728, 731-732, 361 S.C. 513 (S.C. Ct. App. 2004)

[3] The Magistrate Judge did not ultimately address whether Defendants' representation of Plaintiff's company, KC Sports, Inc., rather than Plaintiff, prevents Plaintiff from bringing these claims.

7

notes the correct date, however with respect to the statute of limitations argument, the one day difference is immaterial as to the legal defense of the limitations period in this case. Plaintiff also objects to the Magistrate Judge's recommendation that this lawsuit should be dismissed due to the running of the statute of limitations. Plaintiff argues, without any citation to legal authority, that the statute of limitations did not accrue until he received payment of the claim. [ECF #37, p. 2]. Plaintiff states this occurred "on or around" October 5, 2013, a day prior to the running of the statute of limitations. Plaintiff further objects that equitable tolling should apply because it would give him time to "research the law and then file suit." [ECF #37, p. 2]. Specifically, he argues this Court should factor in time it would take him to schedule time in the inmate law library. [ECF #37, p. 2]. Plaintiff's fourth objection is that the Magistrate Judge did not rule on his motion for sanctions. [ECF #37, p. 3]. Plaintiff's fifth objection is that the Magistrate Judge ignored his allegations concerning the alleged violations of the Code of Professional Conduct, which he argues are valid claims. This Court will now address these objections in turn.

After a review of the record, this Court agrees with the Magistrate Judge that Defendants' Motion to Dismiss should be granted as to all of Plaintiff's claims. Plaintiff's first three objections all relate to whether the applicable statute of limitations period has run on his claims. The essence of Plaintiff's Complaint is that the cause of action did not begin to accrue upon execution of the Stipulation of Dismissal; instead, he argues the statute of limitations started to run when he received the proceeds of the settlement. Construing all inferences in the light most favorable to Plaintiff, this Court assumes that Plaintiff's allegation that this occurred on or around October 5, 2013 is accurate for the purposes of this Order. Despite this assumption, this Court

8

still finds that Plaintiff's claims are time-barred.

A review of the Complaint reveals that with respect to the tortious interference claim, Plaintiff argues that in 2003 he had engaged the services of William Gary White to represent him in the underlying lawsuit, but that Defendants "engaged in an active campaign to garner the case from White and induced the Plaintiff to fire White and give the case to Defendants." [ECF #1, p. 2]. Plaintiff further alleges Defendants promised him "exact detail" and "representation" and that he finally handed over his case to them in 2006. [ECF #1, p. 2]. Thus, any alleged tortious interference with contractual relations would have occurred in 2006 at the latest. As these actions occurred more than three years prior to the filing of this lawsuit, this Court finds that the claims are time-barred. Plaintiff does not allege facts that otherwise suggest this time period should be tolled, or otherwise allege he did not discover applicable facts bearing upon this claim until a later date in time. In fact, Plaintiff does not make any specific objections to the Magistrate Judge's recommendation that this claim is time-barred. Accordingly, this Court finds that Plaintiff's tortious interference with contract claim is time-barred.

Similarly, Plaintiff alleges that Defendants "did absolutely nothing on the case once they secured it from White," which occurred in 2006. [ECF #1, p. 2]. Plaintiff alleges that during this time frame he would "beg and plead" with Defendants to prosecute his case, and that he had provable damages, however Defendants were indifferent to his protestations. [ECF #1, p. 3]. Plaintiff alleges further that he "begged the Defendants to open discussions and settlement and showed the Defendants what documents and locations to focus on," but they did nothing. [ECF #1, p. 3]. Thereafter, Plaintiff was incarcerated in June of 2008, and Plaintiff alleges that while

9

the Defendants tried to cease representation of him, he refused to sign a release. [ECF #1, p. 3]. Ultimately, Plaintiff alleges the Defendants insisted he settle his claim, even though he asked them why they would not prosecute his case. [ECF #1, p. 4]. Plaintiff further alleges that he settled his claim for a "paltry sum." [ECF #1, p. 4]. In other words, Plaintiff's Complaint reveals that he questioned Defendants' representation and felt they did not aggressively represent him for several years prior to 2013. Construing all of these allegations in the light most favorable to Plaintiff and assuming all facts as true, these allegations supporting his legal malpractice claim occurred, at the latest, in September of 2013. Furthermore, while Plaintiff argues for the first time in his objections that the time period should be tolled, he does not otherwise argue any cognizable reason as to why these facts were not otherwise discoverable until a later date. In fact, his Complaint reveals that he was unhappy with his legal representation for an extended period of time. Finally, even assuming Plaintiff did not receive the proceeds of the settlement until October 5, 2013, Plaintiff already knew the amount of proceeds he would receive, and he does not otherwise provide a legal argument as to why the date of receipt of funds tolls the running of the limitations period. Accordingly, this Court finds that Plaintiff's claims are barred by the applicable three year statute of limitations period.

Moreover, even assuming the legal representation did not cease until October of 2013, with respect to Plaintiff's legal malpractice claim, in order to state a valid claim for relief, S.C. Code Ann. § 15-36-100(B), a statute specifically applicable to attorneys at law, provides:

> in an action for damages alleging professional negligence against a professional licensed by or registered with the State of South Carolina . . . the plaintiff must file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each

10

claim based on the available evidence at the time of the filing of the affidavit.

The statute further provides a time period to cure this defect in cases where the period of limitation will expire; however, Plaintiff has not supplemented his pleading at any point in time with an affidavit sufficient to avoid dismissal of his claim for failure to state a claim. *See* S.C. Code Ann. § 15-36-100(C)(1). Plaintiff does not provide any argument to explain why he has failed to comply with this requirement. Accordingly, this Court finds that Plaintiff has failed to state a valid claim for relief as to his professional malpractice claim.

With respect to Plaintiff's fifth objection arguing that the Magistrate Judge ignored his Code of Professional Conduct arguments, this Court finds this claim immaterial to the Motion to Dismiss. To the extent Plaintiff argues these Defendants committed ethical violations amounting to any actionable claims in federal court, those claims are time-barred as previously discussed. Finally, with respect to Plaintiff's fourth objection regarding the Magistrate Judge's failure to address his Rule 11 sanctions request, this Court finds that Plaintiff has not made a proper showing that counsel for Defendants engaged in any sanctionable conduct. Accordingly, any request for sanctions by Plaintiff against Defendants' counsel is denied. As to Plaintiff's request for a transfer of venue, this Court denies that request as well, based on its previous findings. This Court agrees with the Magistrate Judge that Defendants' Motion to Dismiss should be granted as to all of Plaintiff's claims.

## **Conclusion**

The Court has thoroughly reviewed the entire record, including all pleadings, motions, and response to those motions. After reviewing the entire record, and for the reasons stated above and

by the Magistrate Judge in the Report and Recommendation, this Court adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. [ECF #30]. For the reasons stated above, Defendants' Motion to Dismiss [ECF #20] is **GRANTED**. Plaintiff's Complaint [ECF #1] is **DISMISSED with prejudice.** Plaintiff's Motion for Extension of Time [ECF #29] is **DENIED as moot**.

    **IT IS SO ORDERED.**

Florence, South Carolina                                                      <u>s/ R. Bryan Harwell</u>
April 27, 2017                                                                     R. Bryan Harwell
                                                                                                          United States District Judge